IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00236-LTB-KLM

YU KIKUMURA,

    Plaintiff(s),

v.

A. OSAGIE,
VAIL,
K. SANDERS,
B. GREENWOOD,
R. BAUER,
MICHAEL V. PUGH,
J. BURRELL, and
U.S.A.,

    Defendant(s).

---

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**Entered by Kristen L. Mix, United States Magistrate Judge.**

Plaintiff filed a motion [Docket No. 136, filed July 3, 2007] requesting that the court appoint counsel to represent him. The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself.

The fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration is a normal, not a special, circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.

Accordingly, based on the foregoing and the entire record herein, it is hereby **ORDERED** that Plaintiff's Motion for the Appointment of Counsel [Docket No. 136, filed July 3, 2007] is **denied**.

Dated at Denver, Colorado, this ___29___ day of ___August___, 2007.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge